UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| UNITED STATES OF AMERICA, | |
|---|---|
| v. | 12-CR-712 (SHS) |
| RUBEN DAVIS, | <u>MEMORANDUM & ORDER</u> |
| Defendant. | |

SIDNEY H. STEIN, U.S. District Judge.

    This is Ruben Davis's third motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1) in the past two years. In 2020, Davis moved for compassionate release and the Court granted the defendant counsel to represent him pursuant to the Criminal Justice Act. After that motion was fully briefed, the Court denied the motion in an Opinion & Order dated July 7, 2020. (ECF No. 684.) Nine months later, Davis renewed his motion for compassionate release (ECF No. 733) and the Court denied defendant's request on April 28, 2021, finding that "nothing in Davis' renewed motion alters this Court's determination that a sentence reduction would be inconsistent with the factors set forth in 18 U.S.C. § 3553(a) and that there are no extraordinary and compelling reasons for a sentence reduction in this case." (ECF No. 740.)

    In this motion (ECF No. 764), Davis reports that he contracted COVID-19 for a second time in December 2021 and that he has numerous lingering effects from COVID-19, such as pain in his left arm. (*Id.*) He also notes that both his mother and brother died from complications of COVID-19 and that he is concerned about contracting the virus once again. (*Id.*) The Court is mindful that virus transmission rates will continue to fluctuate, yet observes that the current risk at FCI Danbury, where Davis is serving his sentence, is quite low, with no reported infections currently among 1,048 inmates. *BOP: COVID-19 Update, Fed. Bureau Prisons,* https://www.bop.gov/coronavirus/ (last updated Apr. 6, 2022); *FCI Danbury, Fed. Bureau of Prisons,* https://www.bop.gov/locations/institutions/dan/. Although the Court recognizes Davis's concerns, the Court concludes that the lingering impacts of the prior infections and risk of future reinfection do not constitute extraordinary and compelling reasons for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).

    Moreover, the Court concludes, once again, that a sentence reduction would be inconsistent with the factors set forth in 18 U.S.C. § 3553(a). *See* Opinion & Order, ECF No. 684, at 1 (noting that Davis was a leader of a large drug organization employing firearms and that Davis provided a firearm for an attempted murder-for-hire scheme resulting in severe injury to an innocent bystander). Nothing in Davis's current motion leads the Court to conclude that a consideration of the 18 U.S.C. § 3553(a) factors supports a sentence reduction.

In sum, Davis has not shown that a sentence reduction is warranted. There are no "extraordinary and compelling reasons" justifying a reduction and such a modification would be inconsistent with the Section 3553(a) factors. Accordingly, Davis's motion for a sentence reduction (ECF No. 764) is denied. The Clerk of Court is directed to mail a copy of this Memorandum & Order to defendant as follows: Ruben Davis [67871-054], FCI Danbury, Federal Correctional Institution, Route 37, Danbury, CT 06811.

Dated:  New York, New York
        April 6, 2022

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.