UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

RUBEN DAVIS,

Defendant.

---

12-CR-712 (SHS)

MEMORANDUM & ORDER

SIDNEY H. STEIN, U.S. District Judge.

Defendant Ruben Davis moves *pro se* for a "reduction in sentence computation" and seeks an order from the Court directing the Bureau of Prisons ("BOP") to provide him with earned time credits under the First Step Act of 2018 for the portion of his sentence attributable to his drug offense. (ECF No. 801.) For the reasons that follow, the Court construes this action as a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and dismisses the motion for lack of jurisdiction.

I.  **BACKGROUND**

The Court assumes familiarity with the facts underlying Davis' convictions, which are set forth in greater detail in this Court's prior opinion in *United States v. Davis*, No. 12-CR-712, 2020 WL 3790562 (S.D.N.Y. July 7, 2020). Davis was arrested in January 2013 and charged with a number of crimes related to his leadership of a massive and violent drug-trafficking organization operating in Manhattan and the Bronx. He eventually pleaded guilty in accordance with a written plea agreement to two counts: (1) conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 846, 841(b)(1)(A), and (2) possession of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). Davis was sentenced on February 25, 2015 to a 228-month term of imprisonment for these convictions, including a 168-month term of imprisonment for his drug-related offense and a mandatory consecutive 60-month term of imprisonment for his section 924(c) offense. (ECF No. 563.)

In the decade since his sentencing, Davis has filed multiple motions for habeas relief and compassionate release, all of which the Court has considered and denied. *See, e.g., United States v. Davis*, No. 12-CR-712, 2022 WL 1182756 (S.D.N.Y. Apr. 6, 2022); *Davis*, 2020 WL 3790562, at *5. Davis now argues that he is entitled to certain "earned time credits" under the First Step Act of 2018 and seeks to challenge the computation of his sentence by the BOP.

## II.  THE COURT LACKS JURISDICTION OVER DAVIS' MOTION.

"A challenge to the *execution* of a sentence—in contrast to the *imposition* of a sentence—is properly filed pursuant to [28 U.S.C.] § 2241." *Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006). "Execution of a sentence includes matters such as 'the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions.'" *Id.* (emphasis removed) (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)); *see also Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) ("[T]he loss of good time credits, as a challenge to the execution of his sentence rather than the underlying conviction, is properly brought via an application for a writ under § 2241."). Because Davis' motion challenges the BOP's computation of his prison sentence, the Court construes his motion as a petition for a writ of habeas corpus under section 2241.

The proper respondent to a section 2241 habeas petition is "the person who has custody over [the petitioner]." *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). District courts may only grant habeas petitions "within their respective jurisdictions," 28 U.S.C. § 2241(a), and a district court has jurisdiction over the habeas petition only if it has jurisdiction over the petitioner's custodian. *Padilla*, 542 U.S. at 442; *see also Davis v. Fed. Bureau of Prisons*, No. 24-CV-3652, 2024 WL 2925732, at *2 (S.D.N.Y. May 14, 2024) ("In order to entertain a *habeas corpus* petition under Section 2241, a court must have jurisdiction over the custodian.").

Davis is currently housed at FCI Ashland in Ashland, Kentucky, located in the Eastern District of Kentucky. Thus, the proper respondent to Davis' section 2241 petition is "the warden of the facility where [Davis] is being held," *Padilla*, 542 U.S. at 435, and the district court with jurisdiction over Davis' section 2241 petition is the U.S. District Court for the Eastern District of Kentucky, not this Court.

## III.  CONCLUSION

For the foregoing reasons, this Court lacks jurisdiction over Davis' motion, which it construes as a petition pursuant to 28 U.S.C. § 2241, because it lacks jurisdiction over the warden of FCI Ashland, where Davis is currently housed. Accordingly, the Court dismisses the motion.

  The Clerk of Court is directed to mail a copy of this Memorandum & Order to Ruben Davis (# 67871-054), FCI Ashland, Federal Correctional Institution, P.O. Box 6001, Ashland, KY 41105, noting service on the docket.

Dated: New York, New York
   February 5, 2025

SO ORDERED:

*Sidney H. Stein*

Sidney H. Stein, U.S.D.J.